IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RYAN GLOVER, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  CIVIL ACTION NO.: |
| BIRCH COMMUNICATIONS, INC., | )<br>) |
| Defendant. | )<br>) |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Ryan Glover (hereinafter sometimes referred to as "Plaintiff"), individually and on behalf of others similarly situated (hereinafter sometimes collectively referred to as "Plaintiffs"), and file the following as their Class Action Complaint against Burch Communications, Inc. (hereinafter sometimes referred to as "Defendant"). In support of this Complaint, Plaintiffs state as follows:

### OVERVIEW OF THE ACTION

1. Plaintiff Ryan Glover brings this action individually and on behalf of the proposed class of persons who were injured by Defendant's business acts and practices in charging cancellation fees.

2. The proposed class consists of all consumers who did not sign a written contract but were charged unfair and unreasonable fees by the Defendant, which include early termination fees (hereinafter sometimes referred to as "ETF").

3. Through a uniform scheme and common course of conduct, Defendant charged Plaintiffs and other customers an ETF of fifty percent or higher of all charges remaining pursuant

to an alleged agreement with Defendant if Plaintiffs cancelled their service at any time before the end of the agreement term, regardless of the reason for cancellation.

4. Defendant's conduct gives rise to Plaintiffs' claims for: (1) violation of the Federal Communications Act; (2) violation of substantially similar consumer protection laws of certain states; (3) unjust enrichment; (4) and Declaratory Relief pursuant to 28 U.S.C.A. § 2201.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1332(d). This number of class members is unknown at this time but will be readily ascertained upon discovery. At least one member of the class is a citizen of a state different from Defendant, and the amount in controversy, in the aggregate, exceeds the sum of $75,000 exclusive of interest and costs.

6. Venue is proper under 28 U.S.C.A. § 1391. Defendant is licensed to conduct business in the State of Alabama and transacts substantial business within this District; Defendant committed an illegal act in and maintains agents or representatives in this District; and Defendant is subject to personal jurisdiction here.

## PARTIES

7. Plaintiff Ryan Glover is a citizen of Birmingham, Jefferson County, Alabama and received telephone service from Defendants and was initially charged a $950.00 ETF by Defendants.

8. Birch Communications, Inc. is and at all relevant times was a Georgia Corporation with its principal place of business in Macon, Georgia, with a registered service agent located within this District, in Montgomery, Alabama.

## FACTS

### Early Termination Fees

9. In order to subscribe to its services, Defendant purportedly requires customers to abide by standard service agreements ("Agreements"), which are preprinted, standardized forms that are not subject to modification or negotiation. **As discussed in greater detail below, Plaintiffs never signed such an Agreement**; however, ETF charges set out in the form Agreement were charged to Plaintiffs and are described below.

10. Defendant's Agreement includes, as a term and condition of service, a clause that requires subscribers to pay an ETF, which is, in reality, a penalty and is unfair and unreasonable, if for any reason they seek to terminate service before the expiration of the contract period, regardless of the reason for such termination.

11. In the Agreement, the specified penalty for customers terminating service before the expiration of a specified term is fifty percent of all remaining months' charges. According to the Agreement, the customer must pay the ETF even if cancellation is the result of non-existent, poor, or otherwise inadequate service.

12. Defendant routinely assesses ETF in excess of this amount.

13. The ETF is not a reasonable measure of the anticipated or actual loss, if any, that the termination causes Defendant and is an unlawful penalty.

14. The ETF is not designed to compensate Defendant for damages, if any, arising from the early termination, but rather is designed to serve as a disincentive for customers to switch to competing services in the event that they become dissatisfied with the services provided by Defendant.

15. If and to the extent that Defendant suffers any damage upon early termination of a customer's contract, it is neither impracticable nor extremely difficult to fix the actual damage. Further, if and to the extent Defendant suffers any damage upon early termination of a service contract, the ETF of fifty percent or higher of all remaining months' charges is not a reasonable measure or estimation of such damages.

16. The ETF bears no reasonable relationship to the anticipated harm in the event of a breach by the other party. The ETF is neither designed, nor intended, to compensate Defendant for any damages arising from early termination, but has the effect and purpose of stifling competition in the industry by preventing consumers from freely shopping around for the best service.

17. The ETF is not a rate charged, nor is it part of Defendant's rate structure, nor is it a rate component charged for any service. It is included in the Agreement and can only be categorized as an illegal and void penalty provision that constitutes an unjust, unconscionable, unlawful, unfair and deceptive practice under all applicable statutes and laws.

18. Plaintiffs are informed and believe Defendant has collected revenues and generated enormous profits as a result of: (a) the payment of the early termination penalties; and (b) the revenue generated by tethering Plaintiffs to service for at least the original contract period.

### No Agreement to Arbitrate

19. Defendant has inserted clauses into its Agreement that purport to impose mandatory arbitration and waive the right to class arbitration. However, Plaintiff Ryan Glover and members of the class similarly situated did not sign a contract and therefore did not enter into an arbitration agreement.

### Facts as to Named Plaintiff

20. In or around January 2011, Plaintiff Ryan Glover spoke with Defendant's representative about telephone service for his business. As a result of, inter alia, excessive cost to add an internet line, Mr. Glover cancelled his account in or around May 2011.

21. On or around June 14, 2011, Defendant's "Delinquent Account Manager" sent Mr. Glover a letter notifying Mr. Glover he owed $950 in ETF, presumably the entire amount remaining under his alleged agreement with Defendant.

22. Mr. Glover contacted Defendant by telephone questioning the ETF charges. He refused to pay this amount. Apparently, the ETF charges were eventually reduced because Defendant's last bill, dated July 17, 2011, reflected total charges of $412.72.

23. Defendant could have easily ascertained the actual damages, if any, incurred when Plaintiffs cancelled their agreement, but it did not. Instead, it imposed an illegal penalty.

### CLASS ACTION ALLEGATIONS

#### A. Definition of the Class

24. Plaintiffs bring all claims in this action as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class defined below (hereinafter sometimes referred to as the "Class"), of which Plaintiff Ryan Glover is a member:

> All customers of Defendant who did not sign a contract for Defendant's services and were charged unreasonable and/or unfair fees which include ETF.

#### B. Numerosity

25. At this time, Plaintiffs do not know the exact size of the Class; however, the number of Class members can be determined through appropriate discovery.

### C. Commonality

26. There are questions of law or fact common to the Class, including at least the following:

a. Whether the ETF is unjust, unreasonable and/or unlawful;

b. Whether Defendant's conduct violated the Federal Communications Act;

c. Whether Defendants charged Class members an ETF;

d. Whether the amount of the ETF is unjust, and/or unlawful;

e. Whether Defendant's conduct constitutes deceptive, unfair and/or oppressive conduct;

f. Whether Defendants are/were unjustly enriched;

g. Whether Declaratory Relief is appropriate; and

h. Whether Plaintiffs and the Class members have been damaged, and if so, the proper measure of such damages.

### D. Typicality

27. Plaintiff Ryan Glover has the same interests in this matter as all other members of the Class, and their claims are typical of all Class members.

### E. Adequacy

28. Plaintiff Ryan Glover is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Mr. Glover will fairly and adequately represent the interests of Class members and does not have interests adverse to the Class.

**F. The Prerequisites of Rule 23(b)(2) are Satisfied**

29.     The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

30.     The prosecution of separate actions by Class members would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of other members of the Class who would not be parties to those actions.

31.     Defendant's actions are generally applicable to the Class as a whole, and Plaintiffs seek, inter alia, equitable remedies with respect to the Class as a whole.

32.     Defendant's systemic policy and practices make declaratory relief, with respect to the Class as a whole, appropriate.

**G. The Prerequisites of Rule 23(b)(3) are Satisfied**

33.     This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a

fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

### COUNT I. Violation of § 201 of the Federal Communications Act

34. Plaintiffs repeat the allegations contained in Paragraphs 1 through 52 as if fully set forth here.

35. At all times relevant to this action there was in full force and effect the Federal Communications Act of 1934 ("FCA"), 47 U.S.C.A. §§ 201 et seq.

36. This Count is asserted by Plaintiff Ryan Glover individually and on behalf of the Class.

37. Defendant is a common carrier engaged in interstate or foreign communication by wire or radio, and subject to the common carrier regulation set forth at 47 U.S.C.A. § 201, et seq.

38. Defendant's termination penalties, described above, are charges and/or practices in connection with communication service, subject to the requirements of 47 U.S.C.A. § 201(b).

39. Section 201(b) of the FCA provides that all charges, practices, classifications, and regulations for and in connection with communication service, shall be just and reasonable. 47 U.S.C.A. § 201(b).

40. Defendant's ETF is unjust, unreasonable and/or unlawful in violation of § 201(b).

41. As a direct and proximate result of Defendant's violation of 47 U.S.C.A. §§ 201(b) described above, Plaintiffs have been damaged.

WHEREFORE, Plaintiff Ryan Glover, individually and on behalf of the Class of persons described in this complaint, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined in this complaint;

B. Designating Plaintiff Ryan Glover as representative of the Class and counsel as Class counsel;

C. Entering judgment in favor of Plaintiffs and against Defendants;

D. Awarding Plaintiffs their individual damages and attorney's fees and allowing costs, including interest; and

E. Granting such further relief as the Court deems just.

### COUNT II. Violation of Alabama Deceptive Trade Practices Act and Substantially Similar Laws of Other Class States

42. Plaintiffs repeat the allegations contained in Paragraphs 1 through 60 as if fully set forth here.

43. This Count is asserted by Plaintiff Ryan Glover individually and on behalf of the Class, as defined in this complaint.

44. At all times relevant to this action, there was in full force and effect the Alabama Deceptive Trade Practices Act, ALA. CODE § 8-19-1 (1975) *et seq.* (the "Alabama Consumer Act"), and the substantially similar consumer fraud acts of the Class members' states, all of which were enacted and designed to protect consumers against unfair, deceptive and/or fraudulent business practices. These consumer protection acts are modeled after the Federal Trade Commission's ("FTC") consumer protection provisions and are collectively referred to in this action as "Consumer Acts."

45. The Alabama Consumer Act makes unlawful " unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce. ALA. CODE § 8-19-5(27) (1975), as do the substantially similar laws of other Class states.

46. Defendant's ETF charges are unreasonable and excessive and therefore unconscionable

47. Defendant misled and deceived Plaintiffs in that it never fully disclosed the ETF or its true nature to Plaintiffs, i.e. that it is an illegal and unlawful penalty.

48. The Defendant engaged in an act or practice in the conduct of trade or commerce.

49. Plaintiffs suffered economic injury as a direct and proximate result of Defendant's conduct, including but not limited to the amount of the ETF improperly charged.

WHEREFORE, Plaintiff Ryan Glover, individually and on behalf of the Class of persons described in this complaint, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in Fed. R. Civ. P. 23(a) and (b)(3), and certifying the Class defined in this complaint;

B. Designating Plaintiff Ryan Glover as Class representative and counsel as Class counsel;

C. Entering judgment in favor of Plaintiffs and against Defendant;

D. Awarding Plaintiffs their individual damages and attorneys' fees and allowing costs, including interest; and

E. Granting such further relief as the Court deems just.

### COUNT III. Unjust Enrichment

50. Plaintiffs repeat the allegations contained in Paragraphs 1 through 75 as if fully set forth here.

51. This Count is asserted by Plaintiff Ryan Glover individually and on behalf of the Class, as defined in this complaint.

52. Defendant received and retained a benefit conferred by Plaintiffs at their expense through the imposition and collection of the ETF.

53. Defendant has benefited unjustly at Plaintiffs' expense, which benefit, in equity and good conscience, Defendant should not be permitted to retain.

54. Plaintiffs have no adequate remedy at law because of Defendant's conduct.

55. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the Class members have suffered non-monetary and monetary injury.

56. Plaintiff Ryan Glover, on behalf of himself and the Class, is entitled to restitution from Defendants and an order to ameliorate all ETF credit-related dunning and for the disgorgement of all ETF profits, benefits, and other compensation obtained by Defendant for its wrongful conduct.

WHEREFORE, Plaintiff Ryan Glover, individually and on behalf of the Class of persons described in this complaint, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a) and (b)(2) (and/or (b)(3)), and certifying the Class defined in this complaint;

B. Designating Plaintiff Ryan Glover as Class representative and counsel as Class counsel;

C. Entering judgment in favor of Plaintiffs and against Defendants;

D. Awarding Plaintiffs their individual damages and attorneys' fees and allowing costs, including interest; and

E. Granting such further relief as the Court deems just.

**COUNT IV. Declaratory Relief Pursuant to 28 U.S.C.A. § 2201**

57. Plaintiffs repeat the allegations contained in Paragraphs 1 through 82 as if fully set forth here.

58. This Count is asserted by Plaintiff, individually and on behalf of the Class, as defined in this complaint.

59. There is an actual controversy between Defendant and Plaintiffs concerning the ETF charges contained in the agreements presumably relied upon by Defendant in assessing these charges to Plaintiffs.

60. Pursuant to 28 U.S.C.A. § 2201 this Court may declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

61. Plaintiffs are interested parties who seek a declaration of their rights and legal relations vis-á-vis Defendant with regard to ETF charges.

62. Defendant's ETF is an unenforceable penalty in that it is not a reasonable estimate of the harm Defendant might incur, if any, in the event that the customer terminates Defendant's services, nor are such damages difficult or impractical to calculate.

63. Plaintiff and other Class members who were charged and who paid an ETF to Defendant have been damaged because ETF was an illegal penalty and not agreed upon in writing.

64. Some Class members who were charged but who did not pay an ETF to Defendants have had their credit damaged because Defendant reports that debts are owed by such persons when, in fact, no such legal debt exists.

WHEREFORE, Plaintiff, individually and on behalf of the Class of persons described in this complaint, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a Class action set forth in Fed. R. Civ. P. 23(a) and (b)(2), and certifying the Class defined in this complaint;

B. Designating Plaintiff Ryan Glover as representatives of the Class and counsel as Class counsel;

C. Entering judgment in favor of Plaintiffs and against Defendants;

D. Awarding Plaintiffs their individual damages and attorney's fees and allowing costs, including interest; and

E. Granting such further relief as the Court deems just.

Respectfully Submitted,

_____
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Andrew P. Campbell
Jason R. Smith
LEITMAN, SIEGAL, PAYNE & CAMPBELL, P.C.
420 North 20th Street, Suite 2000
Birmingham, AL 35203
Telephone:    (205) 251-5900
Facsimile:    (205) 323-2098

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Birch Communications, Inc.
c/o CSC Lawyers Incorporating Svc., Inc.
150 S. Perry Street
Montgomery, AL 36104